IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.                                                                    Action No. 3:08–CR–078–1

SHON McHUGH,

                Defendant.

MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Suppress by Shon McHugh. For the reasons stated below, the Motion will be DENIED.

1.    Background

On January 30, 2008, while he was travelling north on I-95 in Greensville County, Virginia, McHugh was stopped by a state police trooper who "observed improper equipment" on McHugh's vehicle. The officer, Trooper Miller, noticed that McHugh's vehicle was equipped with clear rear brake light covers and blue front turn-signal lights. Believing that the vehicle, which bore Massachusetts license plates, did not comply with Virginia law, Trooper Miller conducted a traffic stop. After stopping McHugh, Trooper Miller noticed that there was only one key on McHugh's key chain and observed energy drinks, air fresheners, and a CB radio in the vehicle, suggesting that McHugh was transporting drugs. After obtaining McHugh's consent, Trooper Miller searched McHugh's vehicle, discovering six kilograms of cocaine, one-half pound of marijuana, and approximately one hundred pills that the United States alleges are Oxycodone.

Now, McHugh claims that he was stopped without justification, arguing that his vehicle's equipment does not violate Virginia law and that Trooper Miller was unreasonably mistaken about Virginia's requirements. Accordingly, McHugh contends, any evidence that was obtained by virtue of Trooper Miller's search of the vehicle is not admissible.

2.  Discussion

   A.   The "reasonable suspicion" standard

The United States Constitution prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. But, a law enforcement officer may conduct "a brief, investigatory stop" – for example, a traffic stop, which constitutes a "seizure" in the context of the Fourth Amendment, Delaware v. Prouse, 440 U.S. 648, 653 (1979) – if he has at least "a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); accord United States v. Reaves, 512 F.3d 123, 126 (4th Cir. 2008). That standard is not especially demanding, requiring "considerably less" proof than the "preponderance of the evidence" standard requires. Illinois, 528 U.S. at 123–24. Witnessing a violation of a traffic law provides sufficient grounds for conducting a stop. Whren v. United States, 517 U.S. 806, 810 (1996).

Whether a stop was reasonable depends on whether it can be justified objectively, Illinois, 528 U.S. at 123, not on the actual motivation of the officer who made the stop, see Ohio v. Robinette, 519 U.S. 33, 38 (1996). See also United States v. Meggison, 152 F. App'x 275 (4th Cir. 2005) (unpublished) ("[O]fficers may stop a vehicle based on a minor traffic infraction, even if the true motivation for the stop was the belief, not rising to

2

probable cause, that the vehicle's occupants were engaged in illegal drug activity."). In evaluating whether a stop was justified, a court must consider the totality of the circumstances in which the stop was made. United States v. Sokolow, 490 U.S. 1, 7 (1989).

Since the validity of a stop does not depend on the motivation of the officer who made it, a stop may be reasonable even if it was prompted by a reasonable mistake of fact. See United States v. Arias, 213 F. App'x 230, 232 (4th Cir. 2007) (unpublished); United States v. Williams, 85 F. App'x 341, 347 (4th Cir. 2004) (unpublished). In Williams, the defendant was arrested after he was stopped by officers who believed that a malfunctioning "running light" on the front of the defendant's car was a turn signal and hazard light. Id. at 346. Actually, the device contained two filaments, one for a turn signal and hazard lights and another for a parking lamp. Id. Although the filament for the parking lamp was broken, the turn signal and hazard lights worked; thus, the car complied with Virginia statutes prohibiting the operation of a car that lacked a turn signal or a "warning device." Id. The Fourth Circuit ruled that, even though the officers mistakenly believed that the car was being operated unlawfully, their mistake was one of fact, justifying their suspicion of illegal activity – and consequently their decision to conduct the stop. Id. at 347.

Similarly, in Arias, the Fourth Circuit upheld a stop that was made by an officer who believed mistakenly that the defendant was violating Virginia law by virtue of the fact that a turn signal on his car was dangling several inches from the pavement. 213 F. App'x at 231–32, 233. Stating that "[e]ven if [the officer] was mistaken in his belief that the damage

3

to [the defendant's] car amounted to a violation of Virginia law, this was a reasonable mistake of fact," the Fourth Circuit affirmed a decision to deny the defendant's motion to suppress. Id. at 233.

But, the Fourth Circuit has suggested that "the difference between a mistake of law and a mistake of fact is critical," and that a mistake of law – "no matter how reasonable or understandable" – cannot provide the objective basis for a stop. See id. at 232 (citing United States v. Chanthasouxat, 342 F.3d 1271, 1276, 1279–80 (11th Cir. 2003)).[1] That position is consistent with the court's decision in United States v. Johnson, 256 F.3d 214 (4th Cir. 2001). In Johnson, the defendant was stopped by an officer who believed that a "sunscreen device" on the defendant's car violated South Carolina law. Id. at 216. Although the officer's suspicion was reasonable, the statute in question applied only to vehicles that were "required to be registered in [South Carolina]"; since the defendant's car bore a valid Georgia license plate and the officer did not have any reason to believe that the car was required to be registered in South Carolina, the stop was not justified. Id. at 216–17. Although the Fourth Circuit did not characterize the officer's belief about the scope of that statute as a mistake (of law or of any other kind), the court's decision implies that a mistake about the application of a statute cannot justify a stop.

---

[1] That position has been adopted by the majority of circuits that have addressed this issue. See, e.g., United States v. McDonald, 453 F.3d 958, 961 (7th Cir. 2006) (ruling, and citing decisions by four other circuits, that a mistake of law cannot justify a traffic stop). But see, e.g., United States v. Delfin-Colina, 464 F.3d 392, 397 (3d Cir. 2006) (ruling that a mistake of law may justify a stop).

B.  The stop satisfies that standard

Vehicles on Virginia highways must "comply with the statutes relating to lighting equipment in effect at the time of their operation." Hall v. Hockaday, 146 S.E.2d 215, 219 (Va. 1966). Currently, with an exception that does not apply in this case, a car driven on a highway in Virginia "shall at all times be equipped with such lights as are required in [Chapter 10 of the Virginia Code]." Va. Code § 46.2–1010. Under that chapter, it is illegal to use or to equip a vehicle with any lighting device that must be approved – or any part that changes the operation of such a lighting device – unless the device or part "has been submitted to and approved by the Superintendent[2] or meets or exceeds the standards and specifications of the Society of Automotive Engineers, the American National Standards Institute, Incorporated[,] or the federal Department of Transportation." Id. § 46.2–1002. Among the lights that Chapter 10 of the Virginia Code regulates are tail lights: "[e]very motor vehicle" must "carry at the rear two red lights" that are of a type approved by the Superintendent. See id. § 46.2–1013. Section 46.2–1013 does not apply only to vehicles that are registered in Virginia. Compare id. §§ 46.2–1014 (requiring every vehicle that is "registered in [Virginia]," with the exception of some antique vehicles, to be equipped with red or amber brake lights); 46.2–1038(B) (requiring every vehicle that is "registered in [Virginia]" that was produced after January 1, 1955 to be equipped with turn signals).

Photographs of the tail lights on McHugh's vehicle that he provided to the Court indicate that the lights look clear, not red, when they are off. Although the Court heard

---

[2] "Superintendent" apparently refers to the Superintendent of the Virginia State Police. See Va. Code § 46.2–1001.

testimony that the lights emit red light when they are on, Trooper Miller did not observe the lights when they were activated before he stopped McHugh. Thus, even if the tail lights on McHugh's vehicle are actually red, as section 46.2–1013 requires, Trooper Miller made a mistake about the color of the lights, which is a mistake of fact. Moreover, if he erred, his mistake was reasonable, given the appearance of the lights. Since the stop was prompted by a reasonable mistake of fact, it was justified. <u>Arias</u>, 213 F. App'x at 232. Accordingly, the evidence that the United States found in McHugh's vehicle may be admitted.

3. <u>Conclusion</u>

For the reasons stated above, McHugh's Motion to Suppress will be DENIED.

It will be SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 29th day of May 2008